```
                                                      CLERK'S OFFICE U.S. DIST. COURT
                                                           AT ROANOKE, VA
                                                               FILED
                                                           APR 29 2005
                                                      JOHN F. CORCORAN, CLERK
                                                      BY:
                                                           DEPUTY CLERK
```

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BENJAMIN BRYAN BUCKHANAN, ) | |
| Reg. #02738-084, ) | Civil Action No. 7:05-cv-00250 |
|     Petitioner, ) | Criminal Action No. 3:91-cr00024 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| UNITED STATES, ) | By: Hon. James C. Turk |
|     Respondent. ) | Senior United States District Judge |

Petitioner Benjamin Bryan Buckhanan, a federal inmate proceeding pro se, brings this action to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. In his petition, Buckhanan requests re-sentencing as a result of a new constitutional rule announced in the Supreme Court's opinions in Blakely v. Washington, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004) and United States v. Booker, 125 S. Ct. 738 (Jan. 12, 2005). However, because Buckhanan's conviction became final more than one year ago, his motion must be dismissed.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2255 to include a one-year limitation period. Normally, the limitation period runs from the date on which the conviction became final. See 28 U.S.C. § 2255 ¶ 6(1). The court issued final judgment in Buckhanan's criminal proceedings on March 16, 1992. Thus, his conviction became final for purposes of §2255 on March 30, 1992, when the ten-day period in which to file a notice of appeal expired. See Fed. R. App. Pro. 4(b)(1)(A)(i).

It appears that Buckhanan is attempting to claim that Blakely is a new rule, which is retroactive to cases on collateral review and that as such it restarts the limitation period pursuant to 28 U.S.C. § 2255 ¶ 6(3). However, this court has held that Blakely does not apply retroactively to cases on collateral review. See Lilly v. United States, 342 F. Supp. 2d 532

(W.D.Va. 2004). In Booker, the Supreme Court merely applied the Blakely rule to the United States Sentencing Guidelines; the Court did not make the Blakely rule (or the Booker holding) retroactive to cases on collateral review. In addition, because Buckhanan has admitted that he did not appeal his sentence, it is clear that his current claims would be procedurally barred from review under §2255. See Bousley v. United States, 523 U.S. 614, 621 (1998).

Because Buckhanan's petition is untimely, the court must dismiss his petition. In addition, even if his claims were timely, his claims are procedurally barred and the rule in Blakely does not apply retroactively to Buckhanan's case. An appropriate order will be entered this day filing and dismissing his §2255 petition.

ENTER: This 29th day of April, 2005

/s/ James C. Turk
Senior United States District Judge